UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORDAN BROWN<br><br>Defendant. | Case No. 1:23-cr-00175-AKB-1<br><br>**REPORT AND RECOMMENDATION** |

On August 15, 2023, Defendant Jordan Brown appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Information (Dkt. 12), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

REPORT AND RECOMMENDATION - 1

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (A) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant failed to appear for his initial hearing and a bench warrant was issued for his arrest. (Dkt. 7.) The Government moved for detention and a detention hearing was held on August 2, 2023. (Dkt. 11, 22.) The Court entered an Order Setting Release Conditions. (Dkt. 23.).

The Defendant has been on pretrial supervision since August 2, 2023. Following his release, Defendant went to Intermountain Hospital where he was evaluated and released to his parent's home. Since that time, the Defendant has remained compliant with the conditions of his release. Probation recommended continued release. (Dkt. 25.)

At the change of plea hearing, the Government did not request detention pending sentencing pursuant to 18 U.S.C. Section 3143. The Government supports the Defendant's continued release pending sentencing but requests an additional release condition that he engage in aftercare as recommended by Intermountain Hospital. In addition, the Government did not offer any information or state any reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time.

Defendant requested to remain on release pending sentencing, for the following reasons: Defendant has strong ties to the community, Defendant has no other criminal history, Defendant has performed well on supervised release, and he has been able to keep his job following supervised release.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release and the disruption in the course of treatment of Defendant's that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Jordan Brown's plea of guilty to Count One of the Information (Dkt. 12).

2) The District Court order forfeiture consistent with Defendant Jordan Brown's admission to the Criminal Forfeiture allegation in the Information (Dkt. 12) and the Plea Agreement.

3) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 23.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: August 15, 2023

DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE